IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAILE E. NOBLE,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER ON MOTION TO DISQUALIFY GOVERNMENT'S COUNSEL<br><br><br><br>Case No. 2:07-CV-158 TS |

Shortly before he filed his Notice of Appeal, Petitioner filed a Motion to Recuse (disqualify) the Special Assistant United States Attorney who had recently filed a Notice of Substitution of Counsel.[1]  The government has not responded.

"Subject to certain narrow exceptions . . . the filing of a notice of appeal divests a district court of jurisdiction."[2]  The narrow exceptions include such collateral matters as

---

[1]Although the formal Notice of Substitution of Counsel, Docket No. 10, was filed shortly before the Court issued its Memorandum Decision and Order Denying the § 2255 Motion, Docket No. 11, the government's counsel's representation was clearly shown much earlier. See Docket No. 5 (government's Mem. in Opp.)

[2]*United States v. Brown*,  290 Fed. Appx. 157, 159, 2008 WL 3893835, 2 (10th Cir. Aug. 25, 2008).

attorney fees.[3]  It is clear that if the Motion to Disqualify the government's counsel were filed after the notice of appeal, this Court would lack jurisdiction over it.[4]  However, the Tenth Circuit has not decided the issue of jurisdiction over a motion to disqualify counsel filed immediately before the Notice of Appeal.

The Court notes that the Motion to Disqualify is the only matter pending in this closed case. Therefore, there is nothing pending before this Court in which the government's counsel could act.  Instead, the Motion to Disqualify can only affect the appeal.  Therefore, the Court finds that the appropriate forum for such Motion is the court of appeals.[5]  The denial of the Motion is without prejudice to raising the issue in the Court of Appeals, or if the case is remanded, to re-raising the issue in this Court.   It is therefore

---

[3]*E.g. Lancaster v. Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (hold,ing that notice of appeal does not divest district court of jurisdiction to determine collateral matter of attorney fees).

[4]*Id*. at 159-60 (vacating orders because district court lost jurisdiction to consider motion to disqualify United States attorney filed after Notice of Appeal).

[5]*See Volk v. Liggett Group Inc*., 1997 WL 139532 (S.D. N.Y.March 26, 1997) (unpublished Mem. and Order finding that where nothing other than the disqualification motion remains pending in the district court, a subsequent notice of appeal deprived the district court of jurisdiction to decide the motion to disqualify).

ORDERED that the Motion to Recuse [Disqualify] counsel (Docket No. 12) is DENIED WITHOUT PREJUDICE.

DATED   June 11, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge